**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4749**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

        v.

JEROMINO MORALES LOPEZ,

               Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:07-cr-00078-LHT-1)

Submitted:  September 3, 2009        Decided:  September 22, 2009

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David G. Belser, BELSER & PARKE, P.A., Asheville, North Carolina, for Appellant.  Edward R. Ryan, Acting United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeromino Morales Lopez pled guilty pursuant to a plea agreement to one count of possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). The district court sentenced him to a within-Guidelines sentence of 80 months' imprisonment. On appeal, Lopez asserts that trial counsel rendered ineffective assistance by failing to move for a downward departure from the Guidelines range on account of his status as an alien or to present evidence of the consequences his alien status would have on his incarceration. We conclude these claims are not cognizable on direct appeal and affirm.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must ordinarily bring such claims in a 28 U.S.C.A. § 2255 (West Supp. 2009) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

To succeed on a claim of ineffective assistance of counsel, Lopez must show that counsel's performance fell below an objective standard of reasonableness and was prejudicial.

2

Strickland v. Washington, 466 U.S. 668, 687-88, 692 (1984). Under the first Strickland prong, Lopez must demonstrate that counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." Id. at 688. A reviewing court cannot engage in hindsight; rather, the reasonableness of counsel's performance is evaluated within the context of the circumstances at the time of the alleged error. Id. at 690. To satisfy the second Strickland prong, Lopez must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Courts may bypass the performance prong and proceed directly to the prejudice prong when it is easier to dispose of the case for lack of prejudice. See id. at 697.

We conclude that the record does not conclusively establish counsel's ineffectiveness. Even assuming that it was error for counsel to fail to move for a downward departure or present evidence of the consequences Lopez' alien status would have on his incarceration, Lopez fails to point to any evidence in the record suggesting that the district court would have sentenced him to a shorter prison term had counsel so advocated, and we find none apparent on this record. We therefore affirm

3

the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED